IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JAMES KEIVOM, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:25-CV-00095 |
| | ) | |
| v. | ) | Judge Eli J. Richardson |
| | ) | Magistrate Judge Jeffery S. Frensley |
| THE DAILY WIRE, LLC, | ) | |
| | ) | JURY DEMAND |
| Defendant. | ) | |

## ANSWER TO COMPLAINT

Defendant The Daily Wire, LLC ("Defendant"), for its answer to the Complaint filed by James Keivom ("Plaintiff"), states as follows:

## INTRODUCTORY STATEMENT

This is one of many largely cut-and-paste complaints filed by a copyright "troll" law firm, in the words of a recent district court decision. *See Viral DRM, LLC v. Rhino Towing Servs., Inc.*, 2024 WL 4495482, at *1 (C.D. Cal. Oct. 15, 2024). Plaintiff's counsel is based in New York with no Tennessee office and has filed approximately 10% of all copyright lawsuits in the U.S.A in the past five years, upon information and belief. He has now filed *ten* this year alone in this Court against this Defendant.

The hallmark of those complaints is repeating allegations devoid of evidentiary support with *de minimis* alleged damages. For instance, in one of them, the complaint fabricated the date when the plaintiff first observed the supposed infringement in an attempt to avoid the statute of limitations and then attempted to conceal that falsification by omitting reference to its counsel's prior letter admitting to the earlier observation date, despite referencing other similar letters its counsel sent to Defendant. (*See RDK NY INC v. The Daily Wire, LLC*, No. 3:25-cv-00142 (M.D.

Tenn. Feb. 10, 2025), Dkt. 1, ¶¶ 20, 46-47 (Richardson, J.).) The lawsuit was so frivolous that Defendant had to send a Rule 11 letter, and the plaintiff's counsel noticed the complaint's dismissal the same day. (*See id.*, Dkt. No. 13).

This Complaint also includes incorrect and exaggerated allegations, including (1) the Complaint twice falsely alleges that "Defendant continues to infringe on Plaintiff's work" (Cplt., ¶¶ 47, 51), even though Defendant removed the thumbnail image in question (the "Thumbnail") to accommodate Plaintiff over four months before he filed his Complaint; and (2) the Complaint incorrectly alleges that the Thumbnail "is an exact copy of Plaintiff's original image . . ." (*id.*, ¶ 27), even though the Complaint's own Exhibits 1 and 2 demonstrate that is not true. *See also Mondragon v. Nosrak LLC*, 500 F. Supp. 3d 1175, 1178 (D. Colo. 2020) (finding that Plaintiff's counsel "had not done complete due diligence on this case to determine the bona fides of his client's claims" and that the case retained "the taint" of the "file first—ask questions later" approach); *McDermott v. Kalita Mukul Creative Inc.*, 2024 WL 4799751, at **14-15 (E.D.N.Y. Nov. 15, 2024) (awarding $940 in statutory damages and denying attorneys' fees, finding "unreasonable conduct by Plaintiff," "Plaintiff's demand was way too large," and "Plaintiff's argument is unconvincing and unprofessional").

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE
### (RESPONSES TO NUMBERED PARAGRAPHS)

#### INTRODUCTION

1. Defendant admits that Plaintiff's Complaint seeks to recover damages for copyright infringement, but Defendant denies any infringement and denies that Plaintiff is entitled to recover any damages.

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint and therefore denies same.

3. Defendant admits that it has a Facebook account at https://www.facebook.com/DailyWire (the "Account").

4. Defendant denies the allegations in paragraph 4 of the Complaint.

## PARTIES

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint and therefore denies same.

6. Defendant admits that it is a Texas limited liability company with its principal place of business in Nashville, Tennessee.

## JURISDICTION AND VENUE

7. Defendant admits that the Court has subject matter jurisdiction over this case based upon the assertion of a claim pursuant to the Copyright Act. Defendant denies that Plaintiff has any viable claim and denies Plaintiff is entitled to any relief.

8. Defendant admits that the Court may exercise personal jurisdiction over Defendant in this matter. Defendant denies any wrongdoing and denies that Plaintiff is entitled to any relief.

9. Defendant admits that venue is appropriate in this Court but denies any wrongdoing and denies that Plaintiff is entitled to any relief. Defendant denies all remaining allegations contained in paragraph 9, not specifically admitted herein.

## "FACTS COMMON TO ALL CLAIMS"

A. "Plaintiff's Copyright Ownership"

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint and therefore denies same.

3

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint and therefore denies same.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint and therefore denies same.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint and therefore denies same.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint and therefore denies same.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint and therefore denies same.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint and therefore denies same.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint and therefore denies same.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint and therefore denies same.

**B.** **"Defendant's Infringing Activity"**

19. Defendant admits that it owns the Account. Defendant denies the remaining allegations in paragraph 19 as containing overbroad legal conclusions.

20. Defendant admits that it manages the Account. Defendant denies the remaining allegations in paragraph 20 as containing overbroad legal conclusions.

21. Defendant admits that it uses its Account in its business. Defendant denies the characterizations in any remaining allegations in paragraph 21 of the Complaint.

22. Defendant denies the allegations in paragraph 22 of the Complaint.

23. Defendant denies the allegations in paragraph 23 of the Complaint.

24. Defendant denies the allegations in paragraph 24 of the Complaint.

25. Defendant admits that it posted on its Account a thumbnail (the "Thumbnail") with a cropped excerpt from Exhibit 1 (the "Photograph") overlaid with another photo, a caption, and a play triangle symbol collectively covering most of the Photograph. Defendant admits that Exhibit 2 appears to show a copy of the Thumbnail. Defendant denies the allegations in paragraph 25 to the extent they suggest or imply that Defendant infringed any copyright. Defendant denies the remaining allegations contained in paragraph 25 of the Complaint.

26. Defendant denies the allegations in paragraph 26 of the Complaint. Defendant admits that it posted the Thumbnail on the referenced website.

27. Defendant denies the allegations in paragraph 27 of the Complaint.

28. Defendant denies the allegations in paragraph 28 to the extent they suggest or imply that Defendant infringed any copyright. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 28 of the Complaint and therefore denies same.

29. Defendant denies the allegations in paragraph 29 of the Complaint.

30. Defendant denies the allegations in paragraph 30 of the Complaint.

31. Defendant admits that it has the Account and has the ability to post content to the Account, including the Thumbnail. Defendant denies the allegations in paragraph 31 to the extent they suggest or imply that Defendant infringed any copyright.

32. Defendant admits that it posted the Thumbnail to the Account. Defendant denies the allegations in paragraph 32 to the extent they suggest or imply that Defendant infringed any copyright. Defendant denies the remaining allegations in paragraph 32 of the Complaint.

33. Defendant denies the allegations in paragraph 33 to the extent they suggest or imply that Defendant infringed any copyright. Defendant denies the remaining allegations in paragraph 33 to the extent they contain legal conclusions.

34. Defendant denies the allegations in paragraph 34 of the Complaint.

35. Defendant denies the allegations in paragraph 35 of the Complaint.

36. Defendant admits that it manages the Account. Defendant denies the remaining allegations in paragraph 36 to the extent they suggest or imply that Defendant infringed any copyright.

37. Defendant admits that it manages the Account. Defendant denies the remaining allegations in paragraph 37 to the extent they suggest or imply that Defendant infringed any copyright.

38. Defendant denies the allegations in paragraph 38 of the Complaint.

39. Defendant denies the allegations in paragraph 39 of the Complaint.

40. Defendant denies the allegations in paragraph 40 of the Complaint.

41. Defendant admits that it has the ability to remove content from the Account. Defendant denies the remaining allegations in paragraph 41 to the extent they suggest or imply that Defendant infringed any copyright.

42. Defendant denies the allegations in paragraph 42 of the Complaint.

43. Defendant denies the allegations in paragraph 43 of the Complaint.

44. Defendant admits that it received correspondence dated July 26, 2024. Defendant denies the remaining allegations in paragraph 44 of the Complaint.

45. Defendant denies the allegations in paragraph 45 of the Complaint.

46. Defendant admits that the parties have not resolved this matter. Defendant denies the remaining allegations in paragraph 46 of the Complaint.

47. Defendant denies the allegations in paragraph 47 of the Complaint.

48. Defendant admits that it received correspondence dated August 27, 2024. Defendant denies the remaining allegations in paragraph 48 of the Complaint.

49. Defendant denies the allegations in paragraph 49 of the Complaint.

50. Defendant admits that the parties have not resolved this matter. Defendant denies the remaining allegations in paragraph 50 of the Complaint.

51. Defendant denies the allegations in paragraph 51 of the Complaint.

52. Defendant denies the allegations in paragraph 52 of the Complaint.

## FIRST COUNT
### "(Direct Copyright Infringement, 17 U.S.C. § 501 *et seq.*)"

53. Defendant realleges every response to every allegation set forth in Paragraphs 1 through 52 and incorporates those responses by reference.

54. Defendant denies the allegations in paragraph 54 of the Complaint.

55. Defendant denies the allegations in paragraph 55 of the Complaint.

56. Defendant denies the allegations in paragraph 56 of the Complaint.

57. Defendant denies the allegations in paragraph 57 of the Complaint.

58. Defendant denies the allegations in paragraph 58 of the Complaint.

59. Defendant denies the allegations in paragraph 59 of the Complaint.

60. Defendant denies the allegations in paragraph 60 of the Complaint.

61. Defendant denies the allegations in paragraph 61 of the Complaint.

62. Defendant denies the allegations in paragraph 62 of the Complaint.

## JURY DEMAND

63. Paragraph 63 requires no response. Pursuant to Fed. R. Civ. P. 38, Defendant demands a jury to try this cause.

## PRAYER FOR RELIEF

64. Defendant denies that Plaintiff is entitled to any of the relief Plaintiff has requested.

65. Defendant denies any allegation contained in a heading, introduction, or ad damnum clause. Defendant denies each and every allegation asserted in the Complaint and not specifically addressed or admitted herein. Defendant specifically denies that it infringed any copyright or willfully did so.

## **OTHER DEFENSES**

Without waiving or excusing the burden of proof of Plaintiff, or admitting that Defendant has any burden of proof, Defendant asserts the following other defenses:

## THIRD DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of fair use. *See, e.g., Morris v. Wise*, No. 1:19 CV 2467, 2020 WL 1000010, at *3 (N.D. Ohio Mar. 2, 2020) (granting motion to dismiss in social media thumbnail case).

## FOURTH DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of license.

## FIFTH DEFENSE

Plaintiff's claims are barred in whole or in part because Defendant's alleged use of the Photograph in question was permissible.

## SIXTH DEFENSE

Plaintiff failed to mitigate its alleged damages thereby barring, in whole or in part, any recovery in this matter.

## SEVENTH DEFENSE

Plaintiff's claims are barred in whole or in part by the due process clause of the U.S. Constitution.

## EIGHTH DEFENSE

Plaintiff's claim for attorneys' fees and expenses is barred in whole or in part because of Plaintiff's unreasonable conduct and/or its counsel's failure to comply with Local Rule 83.01. *See, e.g., McDermott v. Kalita Mukul Creative Inc.*, 2024 WL 4799751, at \*\*14-15 (E.D.N.Y. Nov. 15, 2024); *Keatley v. The Escape Game, LLC*, 2022 WL 1432552 (M.D. Tenn. May 5, 2022).

## NINTH DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff has acquiesced in any alleged copyright infringement.

## TENTH DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrines of waiver, unclean hands, estoppel and laches.

## ELEVENTH DEFENSE

Plaintiff's claims are barred in whole or in part because, at all times, Defendant's conduct was innocent, non-infringing and not willful.

## TWELTH DEFENSE

Defendant hereby asserts all defenses available under applicable federal and state law. Additional facts may be revealed in discovery or otherwise supporting additional defenses

presently available, but unknown, to Defendant. Defendant therefore reserves the right to assert additional defenses in the event discovery or investigation reveals additional defenses.

WHEREFORE Defendant respectfully requests the following relief from the Court:

1) Dismiss Plaintiff's Complaint in its entirety;

2) Award Defendant its costs and attorneys' fees pursuant to 17 U.S.C. § 505 and for Plaintiff's vexatious litigation conduct pursuant to 28 U.S.C. § 1927;

3) Order Plaintiff to post a bond to maintain this lawsuit, *see, e.g.*, *Mondragon v. Nosrak LLC*, 500 F. Supp. 3d 1175, 1178 (D. Colo. 2020); and

4) Order such other and further relief as the Court deems proper.

Respectfully submitted,

s/ W. Russell Taber, III
W. Russell Taber, III (BPR 24741)
RILEY & JACOBSON, PLC
1906 West End Avenue
Nashville, TN 37203
(615) 320-3700
rtaber@rjfirm.com

*Attorney for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served via the Court's ECF filing system this the 26th day of February, 2025 upon the following:

Craig Sanders
SANDERS LAW GROUP
333 Earle Ovington Blvd., Suite 402
Uniondale, NY 11553
csanders@sanderslaw.group

s/ W. Russell Taber, III