# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JAMES KEIVOM, | ) |
| Plaintiff, | ) Case No. 3:25-CV-00095 |
| v. | ) Judge Eli J. Richardson |
| | ) Magistrate Judge Jeffery S. Frensley |
| THE DAILY WIRE, LLC, | ) |
| | ) JURY DEMAND |
| Defendant. | ) |

## ANSWER TO FIRST AMENDED COMPLAINT

Defendant The Daily Wire, LLC ("Defendant"), for its answer to the First Amended Complaint filed by James Keivom ("Plaintiff"), states as follows:[1]

## INTRODUCTORY STATEMENT

This is one of many largely cut-and-paste complaints filed by a copyright "troll" law firm, in the words of a recent district court decision. *See Viral DRM, LLC v. Rhino Towing Servs., Inc.*, 2024 WL 4495482, at *1 (C.D. Cal. Oct. 15, 2024). Plaintiff's counsel is based in New York with no Tennessee office and has filed approximately 10% of all copyright lawsuits in the U.S.A in the past five years, upon information and belief. He has now filed *ten* this year alone in this Court against this Defendant.

The hallmark of those complaints is repeating allegations devoid of evidentiary support with *de minimis* supposed damages. *See, e.g., McDermott v. Kalita Mukul Creative Inc.*, 2024 WL 4799751, at **14-15 (E.D.N.Y. Nov. 15, 2024) (awarding $940 in statutory damages and denying

---

[1] Plaintiff's filing of its amended complaint on February 27, 2025, without leave of court and without Defendant's written consent, was improper. *See* Fed. R. Civ. P. 15(a). Even so and despite the deficiencies in the amendment, Defendant has not moved to strike and instead files this Answer.

attorneys' fees of this same counsel, finding "unreasonable conduct by Plaintiff," "Plaintiff's demand was way too large," and "Plaintiff's argument is unconvincing and unprofessional").

For instance, in one of those complaints filed in this Court, the complaint fabricated the date when the plaintiff first observed the supposed infringement in an attempt to avoid the statute of limitations and then attempted to conceal that falsification by omitting reference to its counsel's prior letter admitting to the earlier observation date, despite referencing other similar letters its counsel sent to Defendant. (*See RDK NY INC v. The Daily Wire, LLC*, No. 3:25-cv-00142 (M.D. Tenn. Feb. 10, 2025), Complaint (Dkt. 1), ¶¶ 20, 46-47 (Richardson, J.).) The lawsuit was so frivolous that Defendant had to send a Rule 11 letter, and the plaintiff's counsel noticed the complaint's dismissal the same day. (*See id.*, Dkt. No. 13).

Here by filing his amendment, Plaintiff tacitly admits that his original Complaint contained false allegations, including (1) the Complaint twice falsely alleged that "Defendant continues to infringe on Plaintiff's work" (Cplt., ¶¶ 47, 51), even though Defendant removed the thumbnail image in question (the "Thumbnail") to accommodate Plaintiff over four months before he filed his Complaint; and (2) the Complaint incorrectly alleged that the Thumbnail "is an exact copy of Plaintiff's original image . . ." (*id.*, ¶ 27), even though the Complaint's own Exhibits 1 and 2 demonstrated that was not true. *See Mondragon v. Nosrak LLC*, 500 F. Supp. 3d 1175, 1178 (D. Colo. 2020) (finding that this same counsel "had not done complete due diligence on this case to determine the bona fides of his client's claims" and that the case retained "the taint" of the "file first—ask questions later" approach).

After suggesting that he has attempted to avoid litigation through prelawsuit settlement communications, Plaintiff diverts to complaining, for the first time in his First Amended Complaint, about two other photos he never before mentioned involving the same news reel

Plaintiff says he viewed months earlier. Defendant promptly removed the entire news reel to accommodate Plaintiff, even though Defendant had no obligation to do so.

Plaintiff even cites the volley of "strategic infringement claims of dubious merit," in the words of the *Viral DRM* court, his own lawyer has filed against Defendant as supposed evidence of Defendant's willful infringement. *See Viral DRM, LLC*, 2024 WL 4495482, at *1. Such vexatious multiplication of proceedings entitles Defendant to recover its attorneys' fees under 28 U.S.C. § 1927.[2]

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE
## (RESPONSES TO NUMBERED PARAGRAPHS)

### INTRODUCTION

1. Defendant admits that Plaintiff's Complaint seeks to recover damages for copyright infringement, but Defendant denies any infringement and denies that Plaintiff is entitled to recover any damages.

---

[2] Another court recently issued Rule 37 sanctions for conduct involving this same attorney, finding that "Plaintiff's failure to serve initial disclosures despite repeatedly being put on notice that he had not yet provided the disclosures, attempt to cancel his deposition and failure to attend the same, assertion of waived objections, and failure to respond to Defendant's contention interrogatories all appear to be willful." *Barbera v. Grailed, LLC*, 24-CV-3535 (LJL), 2025 WL 722682, at *6 (S.D.N.Y. Mar. 5, 2025).

Plaintiff's counsel has declined to advise this Court that its 1/27/25 docket entry incorrectly stated that "TN State Bar status verified as active for Craig B. Sanders admitted to this court," despite Defendant's counsel raising this issue to Plaintiff's counsel's attention. Plaintiff's counsel, however, is not licensed to practice in Tennessee. This Court has repeatedly ordered Plaintiff's counsel to associate with local counsel in other cases, an admonition which could curb the rule violations pervading lawsuits filed by Plaintiff's counsel in this Court. *See, e.g.*, *Mango v. The Daily Wire, LLC*, No. 3:25-cv-00161, Dkt. No. 10 (denying plaintiff relief from Local Rule 83.01(D)); *Tomkinson v. The Daily Wire, LLC*, No. 3:25-cv-00165, Dkt. No. 10 (same); *Luzuriaga v. The Daily Wire, LLC*, No. 3:25-cv-00145, Dkt. No. 12 (same); *Robert Miller Photographer, LLC*, Dkt. No. 14 (same), No. 3:25-cv-00166.

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint and therefore denies same.

3. Defendant admits that it has a Facebook account at https://www.facebook.com/DailyWire (the "Account").

4. Defendant denies the allegations in paragraph 4 of the Complaint.

## PARTIES

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint and therefore denies same.

6. Defendant admits that it is a Texas limited liability company with its principal place of business in Nashville, Tennessee.

## JURISDICTION AND VENUE

7. Defendant admits that the Court has subject matter jurisdiction over this case based upon the assertion of a claim pursuant to the Copyright Act. Defendant denies that Plaintiff has any viable claim and denies Plaintiff is entitled to any relief.

8. Defendant admits that the Court may exercise personal jurisdiction over Defendant in this matter. Defendant denies any wrongdoing and denies that Plaintiff is entitled to any relief.

9. Defendant admits that venue is appropriate in this Court but denies any wrongdoing and denies that Plaintiff is entitled to any relief. Defendant denies all remaining allegations contained in paragraph 9, not specifically admitted herein.

## "FACTS COMMON TO ALL CLAIMS"

A. "Plaintiff's Copyright Ownership"

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint and therefore denies same.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint and therefore denies same.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint and therefore denies same.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint and therefore denies same.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint and therefore denies same.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint and therefore denies same.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint and therefore denies same.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint and therefore denies same.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint and therefore denies same.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint and therefore denies same.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint and therefore denies same.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint and therefore denies same.

B. **"Defendant's Infringing Activity"**

22. Defendant admits that it owns the Account. Defendant denies the remaining allegations in paragraph 22 as containing overbroad legal conclusions.

23. Defendant admits that it uses its Account in its business. Defendant denies the characterizations in any remaining allegations in paragraph 23 of the Complaint.

24. Defendant denies the allegations in paragraph 24 of the Complaint.

25. Defendant denies the allegations in paragraph 25 of the Complaint.

26. Defendant admits that Plaintiff's counsel has filed a number of lawsuits against Defendant containing false, incorrect and exaggerated allegations. Defendant admits that Plaintiff has endorsed and adopted such vexatious multiplication of proceedings in an effort to falsely suggest that Defendant willfully infringed on Plaintiff's copyrights. Accordingly, Defendant is entitled to recover its attorneys' fees from Plaintiff and/or his counsel incurred in defending such vexation pursuant to 28 U.S.C. § 1927. Defendant denies that it infringed any copyright or willfully did so. Defendant denies the remaining allegations in paragraph 26 of the Complaint.

27. Defendant denies the allegations in paragraph 27 of the Complaint.

28. Defendant admits that it posted on its Account a thumbnail (the "Thumbnail") with a cropped excerpt from Photograph 1 shown in Exhibit 1 ("Photograph 1") overlaid with another photo, a caption, and a play triangle symbol collectively covering most of the Photograph. Defendant admits that Exhibit 2 appears to show a copy of the Thumbnail. Defendant denies the allegations in paragraph 28 to the extent they suggest or imply that Defendant infringed any copyright. Defendant denies the remaining allegations contained in paragraph 28 of the Complaint.

29. Defendant denies the allegations in paragraph 29 of the Complaint.

30. Defendant denies the allegations in paragraph 30 to the extent they suggest or imply that Defendant infringed any copyright. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 30 of the Complaint and therefore denies same.

31. Defendant admits that the referenced video news reel (the "News Reel") appeared to briefly include a cropped photograph similar to "Photograph 2," along with various other content and commentary. Defendant denies the allegations in paragraph 31 to the extent they suggest or imply that Defendant infringed any copyright. Defendant denies the remaining allegations contained in paragraph 31 of the Complaint.

32. Defendant admits that the News Reel appeared to briefly include a cropped and altered photograph similar to "Photograph 3," along with various other content and commentary. Defendant denies the allegations in paragraph 32 to the extent they suggest or imply that Defendant infringed any copyright. Defendant denies the remaining allegations contained in paragraph 32 of the Complaint.

33. Defendant denies the allegations in paragraph 33 of the Complaint.

34. Defendant denies the allegations in paragraph 34 to the extent they suggest or imply that Defendant infringed any copyright. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 34 of the Complaint and therefore denies same.

35. Defendant denies the allegations in paragraph 35 of the Complaint.

36. Defendant denies the allegations in paragraph 36 of the Complaint.

37. Defendant admits that it has the Account and has the ability to post content to the Account. Defendant denies the allegations in paragraph 37 to the extent they suggest or imply that Defendant infringed any copyright.

38. Defendant admits that it posted the Thumbnail and News Reel to the Account. Defendant denies the allegations in paragraph 38 to the extent they suggest or imply that Defendant infringed any copyright. Defendant denies the remaining allegations in paragraph 38 of the Complaint.

39. Defendant denies the allegations in paragraph 39 of the Complaint.

40. Defendant denies the allegations in paragraph 40 of the Complaint.

41. Defendant admits that it manages the Account. Defendant denies the remaining allegations in paragraph 41 to the extent they suggest or imply that Defendant infringed any copyright.

42. Defendant admits that it manages the Account. Defendant denies the remaining allegations in paragraph 42 to the extent they suggest or imply that Defendant infringed any copyright.

43. Defendant denies the allegations in paragraph 43 of the Complaint.

44. Defendant denies the allegations in paragraph 44 of the Complaint.

45. Defendant denies the allegations in paragraph 45 of the Complaint.

46. Defendant admits that the Account had the referenced number of followers. Defendant denies the characterizations in any remaining allegations in paragraph 46 of the Complaint.

47. Defendant denies the allegations in paragraph 47 of the Complaint.

48. Defendant admits that it has the ability to remove content from the Account. Defendant denies the remaining allegations in paragraph 48 to the extent they suggest or imply that Defendant infringed any copyright.

49. Defendant denies the allegations in paragraph 49 of the Complaint.

50. Defendant denies the allegations in paragraph 50 of the Complaint.

51. Defendant admits that it received correspondence dated July 26, 2024. Defendant denies the remaining allegations in paragraph 51 of the Complaint.

52. Defendant admits that it received correspondence dated August 27, 2024. Defendant denies the remaining allegations in paragraph 52 of the Complaint.

53. Defendant admits that the parties have not resolved this matter. Defendant denies the remaining allegations in paragraph 53 of the Complaint.

54. Defendant denies the allegations in paragraph 54 of the Complaint.

55. Defendant denies the allegations in paragraph 55 of the Complaint.

56. Defendant denies the allegations in paragraph 56 of the Complaint.

57. Defendant denies the allegations in paragraph 57 of the Complaint.

### FIRST COUNT
### "(Direct Copyright Infringement, 17 U.S.C. § 501 *et seq.*)"

58. Defendant realleges every response to every allegation set forth in Paragraphs 1 through 57 and incorporates those responses by reference.

59. Defendant denies the allegations in paragraph 59 of the Complaint.

60. Defendant denies the allegations in paragraph 60 of the Complaint.

61. Defendant denies the allegations in paragraph 61 of the Complaint.

62. Defendant denies the allegations in paragraph 62 of the Complaint.

63. Defendant denies the allegations in paragraph 63 of the Complaint.

64. Defendant denies the allegations in paragraph 64 of the Complaint.

65. Defendant denies the allegations in paragraph 65 of the Complaint.

66. Defendant denies the allegations in paragraph 66 of the Complaint.

67. Defendant denies the allegations in paragraph 67 of the Complaint.

### JURY DEMAND

68. Paragraph 68 requires no response. Pursuant to Fed. R. Civ. P. 38, Defendant demands a jury to try this cause.

### PRAYER FOR RELIEF

69. Defendant denies that Plaintiff is entitled to any of the relief Plaintiff has requested.

70. Defendant denies any allegation contained in a heading, introduction, or ad damnum clause. Defendant denies each and every allegation asserted in the Complaint and not specifically addressed or admitted herein. Defendant specifically denies that it infringed any copyright or willfully did so.

### <u>OTHER DEFENSES</u>

Without waiving or excusing the burden of proof of Plaintiff, or admitting that Defendant has any burden of proof, Defendant asserts the following other defenses:

### THIRD DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of fair use. *See, e.g., Morris v. Wise*, No. 1:19 CV 2467, 2020 WL 1000010, at *3 (N.D. Ohio Mar. 2, 2020) (granting motion to dismiss in social media case).

### FOURTH DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of license.

### FIFTH DEFENSE

Plaintiff's claims are barred in whole or in part because Defendant's alleged use of the Photographs in question was permissible.

### SIXTH DEFENSE

Plaintiff failed to mitigate its alleged damages thereby barring, in whole or in part, any recovery in this matter.

### SEVENTH DEFENSE

Plaintiff's claims are barred in whole or in part by the due process clause of the U.S. Constitution.

### EIGHTH DEFENSE

Plaintiff's claim for attorneys' fees and expenses is barred in whole or in part because of Plaintiff's unreasonable conduct and/or its counsel's failure to comply with Local Rule 83.01. *See, e.g., McDermott v. Kalita Mukul Creative Inc.*, 2024 WL 4799751, at **14-15 (E.D.N.Y. Nov. 15, 2024); *Keatley v. The Escape Game, LLC*, 2022 WL 1432552 (M.D. Tenn. May 5, 2022).

### NINTH DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff has acquiesced in any alleged copyright infringement.

### TENTH DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrines of waiver, unclean hands, estoppel and laches.

### ELEVENTH DEFENSE

Plaintiff's claims are barred in whole or in part because, at all times, Defendant's conduct was innocent, non-infringing and not willful.

## TWELTH DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrines of set off and/or recoupment.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of mootness.

## FOURTEENTH DEFENSE

Defendant hereby asserts all defenses available under applicable federal and state law. Additional facts may be revealed in discovery or otherwise supporting additional defenses presently available, but unknown, to Defendant. Defendant therefore reserves the right to assert additional defenses in the event discovery or investigation reveals additional defenses.

WHEREFORE Defendant respectfully requests the following relief from the Court:

1) Dismiss Plaintiff's Complaint in its entirety;

2) Award Defendant its costs and attorneys' fees pursuant to 17 U.S.C. § 505 and for Plaintiff's vexatious litigation conduct pursuant to 28 U.S.C. § 1927;

3) Order Plaintiff to post a bond to maintain this lawsuit, *see, e.g.*, *Mondragon v. Nosrak LLC*, 500 F. Supp. 3d 1175, 1178 (D. Colo. 2020); and

4) Order such other and further relief as the Court deems proper.

Respectfully submitted,

s/ W. Russell Taber III
W. Russell Taber III (BPR 24741)
RILEY & JACOBSON, PLC
1906 West End Avenue
Nashville, TN 37203
(615) 320-3700
rtaber@rjfirm.com

*Attorney for Defendant*

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing document was served via the Court's ECF filing system this the 13th day of March, 2025 upon the following:

Craig Sanders
SANDERS LAW GROUP
333 Earle Ovington Blvd., Suite 402
Uniondale, NY 11553
csanders@sanderslaw.group

                                                s/ W. Russell Taber III